[No. 32246.   Department One.   May 21, 1953.]

CLARENCE RETTINGER, *Appellant*, v. PAT BRESNAHAN *et al.,*
*Respondents.*[1]

*Sid Buckley,* for appellant.

*John T. Raftis,* for respondents.

WEAVER, J.—The jury returned a verdict for defendants. Plaintiff appeals from a judgment dismissing his action.

Appellant assigns as error the trial court's denial of his motion for judgment notwithstanding the verdict of the jury for the reason that there was neither evidence nor reasonable inference from the evidence to justify the verdict.

In *Omeitt v. Department of Labor & Industries,* 21 Wn. (2d) 684, 152 P. (2d) 973, we said:

"It is the firmly established rule that a motion for judgment notwithstanding the verdict involves no element of discretion and will not be granted unless the court can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence sufficient to sustain the verdict. [Citing cases.]

"In ruling on a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the party against whom the motion is made, and all material evidence favorable to the contention of the party benefited by the verdict must be taken as true. [Citing cases.]

"If there is substantial evidence supporting the verdict of the jury, as distinguished from a mere scintilla of evidence, the verdict must stand. [Citing cases.]

"By 'substantial evidence' is meant that character of evidence which would convince an unprejudiced, thinking mind of the truth of the fact to which the evidence is directed."

Appellant brought certain wheat raised by him to respondents, who operated a flour mill and feed store. It was exchanged for Idaed wheat which was to be used as seed. The sacked wheat received by appellant was marked "Recleaned Idaed Wheat, 140 pounds."

Appellant seeded eighty-one acres of land with this seed wheat. When it began to grow, it came up in strips. Apparently two kinds of wheat, having different growing periods, had been mixed. One variety matured before the other. It was necessary for appellant to wait until the slower growing grain had matured before he could harvest. The crop yielded an average of 18.4 bushels to the acre.

Appellant maintained: that he suffered damages by reason of the mixed seed wheat; that the yield had been less than he would have harvested had it all been Idaed wheat; that a portion of the crop had been lost because of the varying maturity dates; that it had been necessary for him to harvest with a combine, at greater expense; that some wheat had been docked in price, because of the presence of green wheat and shriveled kernels.

On the other hand, evidence was presented tending to prove (if believed): that appellant had not properly prepared and fertilized his land; that the loss of yield (if any) resulted from not planting at the proper time; that other farmers in the same vicinity had not received as good yields as appellant; that appellant had suffered no loss by reason of the mixed seed wheat.

In his memorandum opinion denying appellant's motion for judgment notwithstanding the verdict, the trial court correctly summarized by saying:

"In the case at bar there was evidence the plaintiff was damaged by reason of the mixed seed wheat. There was also evidence he was not damaged thereby."

█ It is the province of the jury to weigh the evidence, under proper instructions, and determine the facts. It is the province of the jury to believe, or disbelieve, any witness whose testimony it is called upon to consider. If there is substantial evidence (as distinguished from a scintilla) on both sides of an issue, what the trial court believes after

hearing the testimony, and what this court·believes after reading the record, is immaterial. The finding of the jury, upon substantial, conflicting evidence properly submitted to it, is final.

The record disclosed substantial evidence which, if believed, supports the verdict of the jury.

The trial court did not err when it denied appellant's motion for judgment notwithstanding the verdict of the jury.

Appellant urges that the court erred in not granting his motion for a new trial on the grounds that there is no evidence, nor reasonable inference from the evidence, to justify the verdict and that it is contrary to law. Our prior discussion disposes of the contention that there was no evidence to support the verdict. The verdict was not contrary to law.

██ Granting or refusing a motion for a new trial is discretionary with the trial court, except where pure questions of law are involved. We will not interfere with a ruling upon such a motion unless it can be said from the record that the court abused its discretion. *Norland v. Peterson,* 169 Wash. 380, 13 P. (2d) 483. There is no abuse of discretion if there was a case for the jury. Such was the situation. See *Dyal v. Fire Companies Adjustment Bureau,* 23 Wn. (2d) 515, 522, 161 P. (2d) 321.

Appellant's third assignment of error is not well taken.

██ Appellant urges that the court erred in not granting a new trial on grounds of misconduct of the prevailing party. To this, respondent replies that the matter is not properly before the court because appellant does not cite in his brief the place in the record where such error is to be found. Rule on Appeal 42 (6), 34A Wn. (2d) 46, provides:

"In referring to any portion of the record on appeal, the brief must indicate clearly and definitely the portion of the record to which reference is made. If it refers to the statement of facts, the page of the statement must be given."

We refer to this, not for the purpose of censure, for appellant has followed a practice which has, of late, become increasingly common, but

" . . . merely for the purpose of suggesting to the members of the bar generally that compliance with our rules is important." *Ericksen v. Edmonds School Dist.,* 13 Wn. (2d) 398, 408, 125 P. (2d) 275.

The alleged misconduct of the prevailing party, upon which appellant relies to support this assignment of error, refers to two quoted portions of respondent's testimony wherein appellant claims the jury was prejudiced by a reference to a possible compromise of the difference between the parties occurring prior to commencement of the law suit. In the first incident, appellant's counsel made no objection to the answer, nor did he request that the answer be stricken and the jury instructed to disregard it.

Later, on cross-examination of respondent by appellant's counsel, the following took place:

"MR. BUCKLEY: Q. This starting suit against you was evidently not an afterthought; you had heard from him in July, again in September, and again in October. A. About the first time that I knew he was going to sue was after September 19th. He apparently became angry because I docked him two cents a bushel. Q. It wasn't an afterthought that came up in 1951. A. Oh, no, that wouldn't have been an afterthought because that was all served after he had told me he was willing to settle for the difference in harvest costs. MR. BUCKLEY: I object and ask that it be stricken. THE COURT: Yes, objection sustained, and that remark will be stricken from the records and the jury instructed to disregard it. A. I am sorry."

After commenting in a most complimentary manner upon the conduct of both parties and their counsel during the trial of this action, the trial court said, in denying appellant's motion for a new trial upon this ground:

"It is the opinion of the court that any statements made by Mr. Bresnahan [respondent] that might be considered as improper were made through inadvertence or ignorance of their impropriety and the subject was not pursued when instructed by court or counsel not to do so and were not such as to prejudice the mind of the jury."

The record supports the conclusion of the trial court. The inadvertent reference to settlement was stricken from the record. The jury was instructed to disregard it.

"Errors of this nature will be considered as having been corrected by proper admonition or instruction from the court to the jury, unless it is affirmatively shown, or this court is otherwise convinced, that the admonitions and instructions have failed of their purpose." *Bates v. Tirk,* 177 Wash. 286, 290, 31 P. (2d) 525.

We are not convinced that the admonition given by the trial court failed of its purpose.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and OLSON, JJ., concur.