[No. 32989.   Department One.   April 14, 1955.]

FRED JOHNSON, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al.*, *Respondents and Cross-appellants.*[1]

*Walthew, Oseran & Warner*, for appellant.

*The Attorney General* and *Arthur S. W. Chantry, Assis-*

[1]Reported in 281 P. (2d) 994.

*tant,* for respondent and cross-appellant department of labor and industries.

DONWORTH, J.—On November 14, 1949, Fred Johnson filed a report of occupational disease with the department of labor and industries, in which he claimed to have contracted silicosis prior to March 29, 1937, as the result of his work performed in coal mines during the thirty-year period prior thereto. On the date mentioned, he was an employee of the B. & R. Coal Company at Newcastle. The supervisor rejected the claim on the ground that there was no occupational disease found. Johnson appealed to the board of industrial insurance appeals to review the action of the supervisor in rejecting his claim. The board granted a hearing, at which the employer was represented by counsel, as well as the claimant and the department.

At this hearing, claimant testified that he had become afflicted with asthma instead of silicosis, as stated in his report to the department. Dr. Frederick L. Scheyer, a general practitioner, was called as an expert medical witness by claimant and testified that it was his opinion that claimant was suffering from asthma and cardiac decompensation; that in all probability the work that claimant had performed in the coal mines had some definite contribution to his asthmatic condition.

Dr. Kenneth M. Soderstrom, a specialist in the field of internal medicine and lung diseases, was called as an expert medical witness by the department. He testified that claimant's disability was in part due to obesity and an early arteriosclerotic heart disease, and that he was not afflicted with asthma.

No other medical experts were called as witnesses by either party. There is no need to discuss the claimant's testimony as to his physical condition and subjective symptoms, because the decisive factor is the weight to be given to the conflicting opinions of the two medical experts.

On September 30, 1952, the board rendered its decision, in which it found that claimant was not suffering from an

occupational disease and was not totally and permanently disabled on the date of the rejection of his claim by the department. Accordingly, the board sustained the supervisor's order rejecting Johnson's claim. He appealed to the superior court, where all three interested parties were represented by counsel. After a trial in that court, the jury returned a verdict in which it gave an affirmative answer to this interrogatory:

"Was the plaintiff's employment at the B & R Coal Co. a proximately contributing factor to the condition or conditions of which he complains?"

Upon the rendition of this verdict, the department made alternative motions for judgment n.o.v. or for a new trial. In its memorandum opinion announcing its decision on these motions, the court stated that it did not agree with the result reached by the jury because "this verdict is contrary to the weight of the evidence." This opinion further states:

".  .  .  while I do not say that the verdict is wholly unsupported by any evidence, or that a verdict should have been directed or nonsuit granted, and have no doubt that the case was one for a jury to pass upon, nevertheless I am thoroughly convinced that justice has miscarried. This being so, it is my sworn duty to set the verdict aside and grant a new trial."

In the court's formal order which was thereafter entered, it was provided:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the motion of the defendant and employer for judgment notwithstanding the verdict is denied for the reason that there is evidence to support the verdict, and,

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion of the defendants for a new trial be, and the same is, hereby granted for the reason that justice has miscarried, and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion of the plaintiff for reconsideration of the court's memorandum opinion be, and the same is, hereby denied."

Both claimant and the department have appealed from this order, but the employer has not participated in the case

in this court. Claimant has assigned error in the failure of the trial court to include in the order "definite reasons of law and facts" for granting the motion for a new trial, as required by Rule 16 of the General Rules of the Superior Courts (34A Wn. (2d) 118). This rule at the time of the entry of the order provided, in part, as follows:

"In all cases wherein the trial court grants or denies a motion for a new trial, it shall, in the order granting or denying the motion, give definite reasons of law and facts for so doing."

■ It is evident from the verdict that the jury chose to give greater credence to the opinions expressed by appellant's medical expert than those given in the testimony of respondent's expert. The trial court disagreed with this choice. Even though we might be inclined to concur with the trial court's evaluation of the expert testimony, nevertheless, it is not within the competency of the trial court (nor of this court) to invade the province of the jury and substitute its judgment for that of the jury in weighing the evidence. *Omeitt v. Department of Labor & Industries*, 21 Wn. (2d) 684, 152 P. (2d) 973, and *Rettinger v. Bresnahan*, 42 Wn. (2d) 631, 257 P. (2d) 633, 53 Am. Jur. 144, § 159.

■ Since the order granting the motion for a new trial does not state any "definite reasons of law or facts for so doing," as required by Rule 16, we cannot review it and have no alternative but to reverse the order. *Mulka v. Keyes*, 41 Wn. (2d) 427, 249 P. (2d) 972, and *Johnson v. Howard*, 45 Wn. (2d) 433, 275 P. (2d) 736.

■ The respondent department cross-appeals and assigns error to the denial of its motion for judgment n.o.v. Such motion admits the truth of the evidence of the party against whom the motion is made and all inferences that reasonably can be drawn therefrom, and requires that the evidence be interpreted most strongly against the moving party and in the light most favorable to the opposing party. In ruling upon a motion for judgment n.o.v. no element of discretion is involved, and the trial court can grant such motion only when it can be held as a matter of law that

there is no evidence nor reasonable inference from the evidence to sustain the verdict. *Halder v. Department of Labor & Industries*, 44 Wn. (2d) 537, 268 P. (2d) 1020, and *Kemalyan v. Henderson*, 45 Wn. (2d) 693, 277 P. (2d) 372, and cases cited therein. .

■ The department strenuously argues that Dr. Scheyer's testimony as to a causal connection between appellant's employment in coal mines and his asthma is based entirely upon speculation and must be disregarded, citing *Simpson Logging Company v. Department of Labor & Industries*, 32 Wn. (2d) 472, 202 P. (2d) 448, and *Ehman v. Department of Labor & Industries*, 33 Wn. (2d) 584, 206 P. (2d) 787. We have carefully examined this medical testimony and are of the opinion that an unprejudiced, thinking mind could find a substantial basis for the verdict of the jury.

■ A further argument is advanced by the department that there is no evidence that appellant's original illness (pneumonia), contracted on March 29, 1937, was in any way connected with his employment by the B. & R. Coal company. It is undisputed that appellant caught pneumonia on that date as the result of becoming wet and chilled, and has never worked in any coal mine since then.

Neither respondent, in the hearing before the board, challenged the allegation in appellant's notice of appeal to the board that the pneumonia was contracted in the course of appellant's employment. The evidence is sufficient to support this allegation, and the department's contention comes too late in this court.

The trial court did not err in denying respondent's motion for judgment n.o.v., but did commit error in granting respondent's motion for new trial without stating its reasons for so doing. This latter order is, therefore, reversed on appellant's appeal and the cause remanded with directions to enter judgment in accordance with the verdict. The court's action in denying the motion for judgment n.o.v. is affirmed on the cross-appeal.

HAMLEY, C. J., SCHWELLENBACH, FINLEY, and ROSELLINI, JJ., concur.