[No. 36488. Department Two. August 8, 1963.]

INGEBORG ROCK, *Appellant*, v. JOHN MICHAEL ROCK, *Respondent*.*

*Reported in 384 P. (2d) 347.

*Regal & McDonell*, by *John Patrick Cook*, for appellant.

*MacDonald, Hoague & Bayless* and *Max R. Nicolai*, for respondent.

DONWORTH, J.—This is an appeal from an order granting a new trial as to certain issues which were involved in a divorce action (visitation rights, child support and the division of property) and vacating the provisions of a divorce decree relating thereto. The order was entered on the motion of the husband (respondent) and was resisted by the wife (appellant).

Each party was seeking a divorce from the other. They had previously been married to each other and had been divorced. Two years later, they remarried, and, after 7 years of their second marriage, the wife filed suit for a divorce on the grounds of cruelty and personal indignities rendering life burdensome. In his answer, the husband cross-complained for a divorce on the same grounds, alleging, *inter alia*, that:

"    .   .   .   The plaintiff has made an amorous alliance with Walter John, a man who was married at the time the alliance commenced but who started a divorce action a few days after the above-entitled divorce action was started by the plaintiff. Plaintiff spends much time with Walter John on week-ends and holidays, visiting him in Aberdeen over week-ends and having him to her house for long periods of time including Thanksgiving, Christmas and New Year's Day. Walter John, commonly introduces plaintiff as his 'future wife'. All of the above conduct constitutes cruelty and indignities rendering defendant's life burdensome."

The parties resided in the Blue Ridge district in Seattle and had two sons, who were 13 years and 7 years of age at the time of the trial. The trial began December 14, 1961, before a visiting judge from Whitman County and lasted 3 days. At the conclusion of the trial, the court orally announced its decision. A divorce was granted to each of the parties, and the husband was ordered to pay $180 per month

support money for each child. The wife was given custody of their two sons and the husband was granted visitation rights. In dividing the property of the parties, the trial court was primarily concerned about the home property, because the oral decision began as follows:

"Gentlemen, since the wife so definitely and obviously insists on having this Blue Ridge home, and it does appear to be possible to give it to her, the court is going to do it, not that I think it is wise for her to attempt to live in any such style as that. It is going to be her problem as to whether she can support this home or not, I can't let her live there and have her expect her ex-husband will pay for it."

After the court orally announced its decision, the husband moved for a reconsideration of a portion of the decision wherein it was stated that the court would require him to pay $180 per month for the support of *each* child.

The subsequent proceedings are described by the trial court in "Additional Material to be Included in Statement of Facts" as follows:

"The defendant husband made a motion for reconsideration on the amount of support awarded by the Court and Mr. Cook, as counsel for plaintiff, and Mr. Brink, as counsel for the defendant, traveled to Colfax, Washington on Wednesday, December 27, 1961 to present proposed Findings of Fact, Conclusions of Law and Decree of Divorce and to argue the matter of support. During this argument which took place in Colfax, Washington, I asked Mr. Cook whether Mrs. Rock planned to be married again in the near future and he stated that he had talked with her only the day before and that she was firm in her position that she would not be remarried. I did thereupon deny any reconsideration of the support amount and signed the Findings of Fact, Conclusions of Law and Decree of Divorce on said December 27, 1961.

"My decision was based on the position as represented to me that Mrs. Rock would be living in Seattle, in the same home, with the needs that had been demonstrated at the time of trial."

On the day after the court signed the findings, conclusions, and decree at Colfax, the documents were filed in the Superior Court for King County, to wit, on December 28, 1961.

Immediately following the filing of the decree, appellant and Walter S. John obtained a marriage license. He gave his address as Lake Oswego, Oregon. The parties were married at the Blue Ridge home at 5 p.m. December 28, 1961.

On the following day, respondent filed a motion for new trial supported by his affidavit. (Appellant states in her reply brief that she filed three affidavits in opposition to the motion, and that there is no indication that they were not considered by the trial court. Since the court's order granting the new trial makes no reference to them, we cannot consider them. *Wheeler v. Wheeler,* 37 Wn. (2d) 159, 222 P. (2d) 400 (1950)).

Early in January, 1962, appellant listed the Blue Ridge home for sale with a realtor at $55,000.

The trial court, after considering written briefs and argument of counsel, on January 19, 1962, entered the order appealed from, which is entitled "Order Vacating Portions of Decree and Granting New Trial on Certain Issues." This order states in detail the court's reasons for granting the motion, and, with the omission of the formal parts, we quote it in full:

"This matter having come on before the undersigned Judge sitting at Whitman County, Washington, under the provisions of Rule 63.04W, the undersigned having been the Judge who tried the above-entitled cause in Seattle, Washington on December 13, 14 and 15, 1961, and who signed Findings of Fact and Conclusions of Law on December 27, 1961 which said Findings of Fact and Conclusions of Law were filed in King County on December 28, 1961, and upon the motion of the defendant herein for a new trial which said motion was served and filed December 29, 1961 and based upon the provisions of RPPP 59.04W, the Court having considered the affidavit of the defendant and the written briefs and argument of counsel, does set forth the following reasons and findings in support of this within order granting a motion for new trial in part and vacating certain portions of the above-mentioned decree;

"It APPEARING that on December 28, 1961, the day the decree herein was filed, the plaintiff Ingeborg Rock and one Walter S. John did procure a license to wed and in fact were wed on the 28th of December 1961; and

"IT FURTHER APPEARING that the plaintiff's intention is to move away from Seattle, to Oregon, with the family, to reside with said Walter S. John all in contradiction of her testimony given at trial of this matter; and

"IT FURTHER APPEARING that the home of the parties, which had been awarded to the plaintiff has been listed for sale despite her testimony that she wanted to retain it for the benefit of the children of the parties who had become accustomed to the schools, the surroundings, their playmates in the neighborhood; and

"IT FURTHER APPEARING that said Walter S. John and Ingeborg Rock had the intent to wed and to move plaintiff from the Seattle area for some considerable time prior to the trial of this cause, in contradiction of the testimony of the plaintiff at the time of trial; and

"IT FURTHER APPEARING that the plaintiff herein, by her testimony and conduct with regard to her intention to reside in the Seattle area, and her testimony of her intention to retain the house for the benefit of the children as aforesaid was a deliberate concealment of her true intentions or an unfair suppression of this intent designed to mislead the defendant, counsel and the Court to advance her pecuniary interests, amounting to an irregularity in the proceedings of the adverse party plaintiff by reason of which the defendant was prevented from having a fair trial, further amounting to misconduct of the prevailing party plaintiff, and that the new marriage and listing of the home for sale produced an accident or surprise against the defendant which he could not, with ordinary prudence guard against;

"IT FURTHER APPEARING that the immediate remarriage of the plaintiff and the listing of the house for sale is newly discovered evidence material for the defendant, which he could not with reasonable diligence, despite having taken depositions and submitted interrogatories, have discovered and produced at the trial and further that:

"1. The new evidence will probably change the result upon a new trial;

"2. It has been discovered since the trial;

"3. It could not have been discovered before the trial by the exercise of diligence;

"4. It is material to the issues upon which this new trial is granted;

"5. It is not merely cumulative; and

"IT FURTHER APPEARING, by reason of the foregoing, including the immediate remarriage and the listing of the

property for sale, that substantial justice has not been done, for the above and foregoing reasons, and also because of the fact that the best interests and welfare of the children are not served by the property division, support award and visitation set forth in the original decree dated December 27, 1961 because the circumstances and basis upon which the court entered its original judgment are shown to be completely different and in conflict with those to which the plaintiff testified at the time of trial and that this matter should be reviewed in the light of the plaintiff's true intentions which she possessed and concealed at the time of the trial of this matter;

"HAVING CONSIDERED the foregoing reasons of law and fact and being fully advised in the premises; now, therefore,

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Decree of Divorce in the above cause dated the 27th day of December, 1961, and the necessary, allied and supporting Findings of Fact in support thereof be vacated in the following particulars:

"1. Unnumbered paragraph three, page 1 of the Decree of Divorce and paragraph V of the Findings of Fact and paragraph II of the Conclusions of Law pertaining to rights of visitation with the minor children of the parties.

"2. Unnumbered paragraph four on pages 1 and 2 of the Decree of Divorce and also the last paragraph on page 3 of the Decree of Divorce, and paragraph VIII of the Findings of Fact and paragraph III of the Conclusions of Law pertaining to the amount and provisions for support payable by the defendant to the plaintiff for the benefit of the two minor children of the parties.

"3. Unnumbered paragraph five of the Decree, appearing in full on page 2 of the Decree, paragraph IV and X of the Findings of Fact and Paragraph IV of the Conclusions of Law pertaining to the division of property.

"IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that a new trial herein be granted on the motion of defendant, said new trial to finally determine and resolve the following issues:

"1. The defendant's rights of visitation with the minor children of the parties;

"2. The amount of support to be payable by the defendant to the plaintiff for the benefit of the minor children of the parties; and

"3. The division of property between the parties to this action."

■ Respondent has, in his brief, interposed a motion to dismiss this appeal on the ground that appellant has failed to assign error to the findings of fact contained in the above-quoted order and has failed to set forth such findings *verbatim* in her brief. We think that Rule on Appeal 43 (RCW Vol. 0) has no application to an appeal from an order granting a new trial because Rule of Pleading, Practice and Procedure 59.04W (RCW Vol. 0) only requires the trial court to state in such an order definite reasons of law and facts for granting a new trial. The purpose of the latter rule is to apprise this court as to the particular grounds which, in the trial court's opinion, warranted the granting of a new trial. No useful purpose would be served by applying the provisions of Rule on Appeal 43 to the matter now before us. The motion to dismiss the appeal is denied.

■ Appellant's first assignment of error is that respondent, having filed a motion for reconsideration of the trial court's oral decision to order respondent to pay $180 per month support money for *each* child (which was denied), could not thereafter file a motion for new trial. We find no merit in this contention because the motion for new trial was based upon acts of appellant which she had not yet performed at the time the motion for reconsideration was presented to the court, to wit, her immediate remarriage to Mr. John as soon as the decree was filed, which necessarily resulted in the removal of the two children to Oregon where Mr. John resided, and her listing of the Blue Ridge home for sale. All of these events occurred *after* the decree was filed and *before* the hearing was held on the motion for new trial.

Appellant's second assignment of error is that the trial court erred in entering the order appealed from. In support of this assignment, appellant endeavors to demonstrate that none of the grounds stated by the court for entering the order actually existed.

In considering this contention, we should have in mind the trial court's statement as to what occurred in chambers prior to the commencement of the divorce hearing. In the

"Additional Material to be Included in the Statement of Facts," the trial court described these events as follows:

"Prior to the commencement of trial of this cause counsel for both parties were called into chambers by me and an informal pre-trial conference was held during which period of time I asked both attorneys to state what matters they felt were most important and in what matters they were not in agreement on. Mr. Cook, for the plaintiff Ingeborg Rock, stated that the most important matter on which there was lack of agreement was on property division and that the plaintiff wife desired to be awarded the house owned by the parties in view of the fact that she was living there, would continue to be living there and it would be difficult for her to move at this time. Mr. Brink, for the defendant husband stated that their position was that the house should be sold, the proceeds divided, and that the wife could use her share of the proceeds to buy a cheaper place with lower monthly payments.

"In final argument the same positions were maintained, and additionally Mr. Cook for the plaintiff asserted that the children had become accustomed to the schools, the neighborhood, the surroundings and friends and that it would be unfortunate to order the house sold. Mr. Brink again argued against this position and asked that it be sold and had prior submitted a memorandum to the Court with regard to the court's authority to order a sale of the house. Mr. Cook, in aid of his final argument, submitted a written paper reiterating his position in argument, the needs of the wife as against her income and the income of the defendant husband. Also were considered her statement of expenses in running the home as she testified were accurately stated in the interrogatories submitted by defendant and answers thereto.[1]

These interrogatories and answers should be made a part of the record by attachment hereto as evidence considered by the Court during the trial. All of these matters were

---

[1] On November 29, 1961 (which was thirty days before she married Mr. John), appellant answered certain interrogatories as follows: "28. What is Mr. Walter John's present address? Plaintiff does not know. 29. What is Mr. Walter John's present employment? Plaintiff does not know. . . . 36. Have you consented to marry Mr. Walter John after entry of a decree of divorce in this case? No. . . . 39. What are your plans with regard to where you are going to live after the entry of a decree of divorce? 2320 N. W. Blue Ridge Drive, Seattle 77, Washington."

based upon Mrs. Rock remaining in the house unmarried, and with her income situation unchanged."

■ Appellant argues that respondent had already had a fair trial in the divorce action, and hence it was an abuse of discretion to grant him a new trial, citing *Rettinger v. Bresnahan*, 42 Wn. (2d) 631, 257 P. (2d) 633 (1953). That case recognizes our rule that the trial court's discretion in granting or denying a new trial will not be reversed on appeal "unless it can be said from the record that the court abused its discretion."

We have also held many times that a much stronger showing is required to overturn an order granting a new trial than is required to overturn an order denying a new trial. *State v. Taylor*, 60 Wn. (2d) 32, 371 P. (2d) 617 (1962), and cases cited therein.

The trial court's order in the present case (quoted above) describes in detail the court's reasons for granting respondent a new trial, and states, in conclusion, that substantial justice has not been done.

From our examination of the record, we are unable to say that the trial court abused its discretion in granting a new trial, and, therefore, its order is in all respects affirmed.

OTT, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.