[No. 36718.  Department Two.  December 19, 1963.]

DONALD NEIL NOBLE, *Respondent,* v. CONSOLIDATED BEVERAGE, INC., *Respondent,* FORD MOTOR COMPANY, *Appellant,* HALLS MOTOR COMPANY, INC., *Respondent.*[*]

*Sweet & Merrick, H. J. Merrick,* and *Donald R. Douglas,* for appellant.

*Rutherford, Kargianis & Shinn, George Kargianis, Lycette, Diamond & Sylvester,* and *John P. Lycette, Jr.,* for respondents.

FINLEY, J.—Donald Noble (plaintiff-respondent) was injured when his automobile was struck from the rear by a 1959 Ford truck owned by the defendant, Consolidated Beverage, Inc., and driven by its employee.  In the suit against Consolidated the Ford Motor Company (appellant) was added as an additional defendant on the theory that it was negligent in manufacturing or assembling a defective brake mechanism which caused the collision.  The jury returned a joint verdict for $3,500 against all of the defendants, and judgment was entered accordingly.  Ford Motor Company alone appeals, claiming there was insufficient evidence of negligence to support a jury verdict against it.

[*]Reported in 387 P. (2d) 765.

The accident occurred on December 29, 1959, on the Lake Washington floating bridge connecting Seattle and Mercer Island, Washington. As Donald Noble neared the draw span section in the center of the bridge, he was forced to stop his vehicle behind a line of waiting traffic. The driver of the Ford truck saw the cars stopping in front of him and applied his brakes twice: once, when he was 150 feet from the Noble vehicle, and again, when he was 60 feet away. Immediately upon applying his brakes the second time, the driver of the truck realized that the brakes had failed, but he was unable to apply the emergency brake in time to avoid the collision.

Investigation showed that brake fluid was spilled 40 to 50 yards along the road behind the Ford truck, leading back from the point of impact. It is not disputed that this sudden loss of brake fluid through an "exploded" wheel cylinder in the left rear wheel of the truck was the cause of the complete brake failure which led to the accident. The "exploded" wheel cylinder occurred when the piston in the wheel cylinder became extended beyond proper position inside the cylinder, thereby breaking the seal around the piston and allowing the brake fluid to escape from the hydraulic line. The crucial question of fact concerns the cause of this overextended piston—whether or not it was due to a mechanical defect in the brake mechanism attributable to negligent manufacture or assembly by the Ford Motor Company.

The truck had been in service only 6 or 7 months before the accident and had been operated primarily over paved streets. Although only 9,000 miles were accumulated during this period, the brakes on the truck had required adjustment four times, the last adjustment having been made some 10 days prior to the accident. When the left rear wheel was disassembled after the accident, the brake shoe was found to be devoid of any brake lining whatsoever, and the brake drum scored to a depth of one quarter of an inch by the wearing of the naked shoe against it. It is the theory of Ford Motor Company that this lack of

brake lining, a condition which was allowed to arise through no fault of Ford, was the sole cause of the overextension of the piston from within the wheel cylinder. Expert testimony was introduced to the effect that the absence of lining increased the distance which the piston had to travel to push the shoe into braking contact with the drum, and that the piston was actually pushed out of the cylinder by the application of the brakes after the distance became excessive.

The plaintiff, however, produced expert testimony to the effect that the absence of lining would be insufficient to cause the piston to extend beyond the cylinder, and that the actual cause must, therefore, have been the failure of the pin which connects the piston with the brake shoe. This expert, one Runo Larson, presented a detailed opinion as to the cause of the overextension of the piston:

"In my experience the only way that anything like this could happen, there is a link between the wheel cylinder and the brake shoe itself. Somehow that pin, that link, either became disconnected, or for some reason or other, jumped off of that brake shoe, allowed this piston to come out against the brake drum itself.

". . .

". . . this allowed the brake shoe to stay on, it wouldn't release, it was on and would explain the rapid wear of that one particular wheel. . . .

". . .

"This piston came out, out of the wheel cylinder, and held the shoe up against that brake drum and it wouldn't release, being it caught on the side of the body of the wheel cylinder itself and that brake shoe didn't become released, didn't come in a released position. . . .

". . .

"The piston pin, the part, or the slotted part that goes against the brake shoe may not have been securely or properly set into the slit where it fits against the brake shoe and it could have slipped out.

". . .

"There is a margin of safety built into those cylinders that will allow that lining to wear out and also for wear in the drum before that condition happens unless some mechanical difficulty or some faulty part or something is involved."

The total of Larson's testimony presented a theory which the jury could and did accept: that the brake failure was caused by the negligence of Ford in failing to properly assemble the brake mechanism; *i.e.*, the failure to properly or securely set into place the pin that connects the piston to the brake shoe.

This court has uniformly held that, where experts offer conflicting testimony as to the cause of an accident or damage, and there is evidence to support each expert, it is within the sole province of the jury to determine which expert to believe. *Johnson v. Department of Labor & Industries* (1955), 46 Wn. (2d) 463, 281 P. (2d) 994. The trial court correctly denied the defendants' motion for a directed verdict and for a judgment n.o.v. following the jury verdict for the plaintiff. The motions could only be granted where it could be shown, as a matter of law, that there was no evidence or reasonable inference therefrom to support the view of the party against whom the motion is made. *Bailey v. Carver* (1957), 51 Wn. (2d) 416, 319 P. (2d) 821.

The judgment is affirmed.

DONWORTH, WEAVER, HUNTER, and HAMILTON, JJ., concur.