[No. 39303. Department Two. December 14, 1967.]

THE STATE OF WASHINGTON, *Appellant,* v. BISHOP COLLINS, *Respondent.*[*]

[*]Reported in 435 P.2d 538.

*Charles O. Carroll, John S. Ludwigson,* and *Thomas Wampold,* for appellant.

HUNTER, J.—This is an appeal by the state of Washington from an order of the Superior Court for King County, granting a new trial to defendant (respondent) Bishop Collins after a jury had convicted him of second-degree burglary. The record shows the following:

Michael D. Ebben was awakened by a noise in his Seattle apartment about 3 o'clock on the morning of June 17, 1966. He heard the door slam and when he looked in his trousers for his wallet, which had contained one $20 bill and seven $1 bills, he discovered that it was missing. Ebben awakened his roommates, Carl Stewart and David Nygren, who quickly dressed and went outside. While still in the hallway, they observed a male person wearing "baggy pants" walking in the street in front of the apartment. Once outside they saw a person wearing "baggy pants" walking in a northerly direction on 12th Avenue N.E. They then lost sight of this individual but shortly thereafter saw a person walking in the same direction in an alley paralleling 12th Avenue N.E. They made their way between two buildings to the alley and found the defendant in custody of two police officers. A search of the area disclosed Ebben's empty wallet in a rockery located between his apartment and the place where the defendant had been apprehended.

Mrs. Elizabeth Wiesen, who lives across the alley from the Ebben apartment, testified that she was awakened by a prowler in her apartment about 3 o'clock the same morning; and that she observed a man wearing a sweater and "baggy gray slacks" fleeing out the door. She reported this to the

police. The officers who arrested the defendant in the alley had responded to Mrs. Wiesen's report.

When the defendant was searched, he was found in possession of $32, in denominations of seven $1 bills, one $5 bill, and one $20 bill. Witnesses testified that he was wearing dark colored baggy slacks, and a cardigan sweater over a gray sweatshirt.

The defendant, a Negro, told the arresting officers his car was stuck in the alley and he had a friend in the area he was attempting to locate to assist him. He said that two white men were chasing him, which was the reason he was running. The defendant did not name or give the address of his friend. The defendant repeated this story at the trial.

The defendant was charged by information with burglary on two counts: (1) for entering the dwelling of Elizabeth Wiesen with intent to commit a crime, and (2) for entering the dwelling of Michael D. Ebben with intent to commit a crime. Count 1 was dismissed by the trial court for insufficient evidence at the conclusion of the state's case. The jury returned a verdict of guilty on count 2.

The trial court granted defendant's motion for a new trial on two grounds: (1) that it erred in failing to give defendant's instruction No. 1, *infra*, and (2) that the verdict denied the defendant substantial justice. The trial court concluded that under the case of *State v. Mevis*, 53 Wn.2d 377, 333 P.2d 1095 (1959), it had no alternative but to give the defendant's proposed instruction No. 1. We disagree. The instruction as proposed reads as follows:

> Where a person is accused of burglary, proof of recent possession of the property alleged to have been stolen from the premises is not of itself sufficient to justify a conviction of burglary. Therefore, you must find beyond a reasonable doubt that the property, if any, in possession of the defendant was the same property allegedly stolen in the burglary. Then and only then may you consider proof of recent possession of the property alleged to have been stolen as evidence of participation in the burglary alleged. Even if you do consider the evidence, the defendant's possession of this property is not alone sufficient to warrant you in finding him guilty, but

is merely a circumstance which may be taken in connection with all the other facts and circumstances in the case in arriving at your verdict.

■ ■ Under *Mevis, supra,* the jury is entitled to know that no inference can be drawn from the evidence of property in the possession of the defendant unless the jury finds it to be recently stolen property, and that in any event such possession cannot constitute the whole case against the defendant. However, the instruction as drawn is erroneous. It is objectionable, first, because it unduly emphasizes consideration of certain items of evidence in the case. As proposed, it requires that the jury *must* find, beyond a reasonable doubt, that the property in defendant's possession was stolen, and that *then and only then,* can this property be considered as evidence of the defendant's guilt, along with the other evidence. There is a danger, inherent in the instruction, that the jury may be misled into thinking that if it finds that the property was not stolen, this determination is more significant than the consideration of other evidence in determining the ultimate guilt or innocence of the defendant. Also, the instruction repeats the injunction that proof of possession of recently stolen property is not alone enough to convict the defendant of burglary, thereby unfairly overemphasizing this admonition. Moreover, the instruction fails to state that defendant's possession of recently stolen property may be proven by either direct or circumstantial evidence as required in *Mevis, supra,* p. 382. It is the cumulative effect of the foregoing which renders the instruction erroneous. We have often said that an instruction erroneously drawn need not be given. *Adams v. State,* 71 Wn.2d 414, 429 P.2d 109 (1967); *Vogel v. Alaska S.S. Co.,* 69 Wn.2d 497, 419 P.2d 141 (1966). The court in its oral opinion concedes that the proposed instruction would require rewording before it could be given. The failure to give this instruction as proposed was not error, and therefore cannot constitute a ground for granting the defendant a new trial.

■ ■ The trial court's second ground, that substantial justice had not been done, is unsupported, except for what appears in the oral opinion, by reasons of fact or law as required by Rule of Pleading, Practice and Procedure 59.04W, RCW vol. 0, now Civil Rule for Superior Court 59(a) (f). Absent such reasons, we will not sustain the granting of the motion. *Johnson v. Department of Labor & Indus.*, 46 Wn.2d 463, 466, 281 P.2d 994 (1955). It appears from the oral opinion that the sole basis for granting the motion for new trial on the ground that substantial justice had not been done was that the court disagreed with the jury's verdict on the evidence. This is not a ground for awarding a new trial, and we will uphold the verdict if we find, as we do in this case, that it is supported by substantial evidence. *Bunnell v. Barr*, 68 Wn.2d 771, 415 P.2d 640 (1966); *Knecht v. Marzano*, 65 Wn.2d 290, 396 P.2d 782 (1964).

The order granting a new trial is reversed, and the cause is remanded for reinstatement of the jury verdict.

FINLEY, C. J., DONWORTH and NEILL, JJ., and WARD, J. Pro Tem., concur.