CHARLENE CURTISS, *Respondent,* v. YOUNG MEN'S CHRISTIAN
ASSOCIATION, *Defendant,* PREMIER ATHLETIC
PRODUCTS CORPORATION, *Appellant.*

*John Gavin* and *Robert R. Redman* (of *Gavin, Robinson,
Kendrick, Redman & Mays*), for appellant.

*Theodore D. Peterson* and *Robert S. Day* (of *Peterson,
Taylor & Day*), for respondent.

GREEN, J.—Since our opinion in *Curtiss v. YMCA,* 7 Wn.
App. 98, 498 P.2d 330 (1972), Premier has filed a petition
for rehearing. This petition points out a possible inconsistency between the language in our opinion in the instant
case and some of the language contained in *Simmons v.
Koeteeuw,* 5 Wn. App. 572, 489 P.2d 364 (1971). Consequently, we deem it necessary to clarify this apparent inconsistency.

In *Simmons* we quoted from Justice Neill's concurring
opinion in *Ulmer v. Ford Motor Co.,* 75 Wn.2d 522, 535, 452
P.2d 729 (1969) advocating that under the Restatement
(Second) of Torts § 402A (1965) a plaintiff has the burden
of proving an alleged defect existed at the time the product
left the manufacturer. In *Simmons,* once the plaintiff
proved the lawnmower in question was defective by reason
of its "dangerous design" the plaintiff automatically proved
a defect existed at the time the product left the manufacturer. Thus, under the facts of *Simmons,* it becomes
immaterial whether the rule in *Pulley v. Pacific Coca-Cola
Bottling Co.,* 68 Wn.2d 778, 415 P.2d 636 (1966) as to bur-

den of proof or the rule urged by the concurring opinion in *Ulmer* is applied.

■ However, in the instant case the *Simmons* factual situation does not exist since proof of the defective bar does not automatically prove it was defective when it left Premier's hands. Hence, we are called upon to determine with more precision the plaintiff's burden of proof. We believe a more considered reading of *Ulmer* reveals the majority was unwilling to adopt the rule that an injured plaintiff has the burden of proving the defect existed in the product at the time it left the manufacturer's hands. The approval of *Pulley* by the majority in *Ulmer* apparently caused Justice Neill to write his concurring opinion advocating a contrary position, wherein he observed at page 535:

> I concur in the remanding of this case for a new trial, but do not go as far as the majority seemingly does in the application and construction of the strict liability doctrine enunciated in Restatement (Second) of Torts § 402A (1965).

For this reason we are compelled to interpret *Ulmer* as adopting the rule of *Pulley* expressed in our previous opinion. Thus, once the plaintiff proved the parallel bar was defective and caused the injury, Premier had the burden of showing who caused the defect. This it failed to do. *Simmons* is strictly limited to its facts.

While our earlier decision alluded to evidence unfavorable to Premier with respect to damages, it should be made crystal clear that our determination to affirm the trial judge's order granting a new trial as to damages was based upon evidence construed by this court in a light most favorable to Premier.

It is hereby ordered that the petition for rehearing be, and it is, denied.

MUNSON, C.J., and EVANS, J., concur.

Review granted by Supreme Court September 20, 1972.