[No. 37777.  Department Two.  February 10, 1966.]

WENDELL K. SARGENT et al., *Respondents*, v. SAFEWAY STORES, INC., *Appellant.*\*

\*Reported in 410 P.2d 918.

*Hughes & Jeffers,* for appellant.

*Robert E. Conner,* for respondents.

BARNETT, J.†—Plaintiffs, husband and wife, bring this action for damages for personal injuries sustained by the wife, Neva Sargent, when she slipped and fell in a grocery store owned and operated by defendant Safeway Stores, Inc., and located in Wenatchee. Negligence was alleged against Safeway for failure to keep its business premises in a reasonably safe condition, which negligence was the proximate cause of her fall. A jury returned a verdict in favor of the defendant.

The specific acts of negligence charged were: (1) in causing or permitting the floor to become excessively slick through the use of waxing material to the extent that the floor was dangerous; and (2) through the permitting of an accumulation of water upon the floor in such a manner that the floor became excessively slick. Although plaintiffs did not specifically allege that wax was applied in an improper manner to the floor of defendant's premises, certain testimony was adduced at trial to this effect.

Following the verdict for defendant, plaintiffs moved for a new trial. The trial judge granted the motion and ordered a new trial on the stated ground that he had committed an error at law by not giving the jury an instruction specifically embodying the possible improper application of the wax. Safeway appeals, assigning error to the new trial order.

The trial court has a wide discretion in the matter of granting or denying a new trial, except where its order is predicated upon an erroneous ruling. *Worthington v. Caldwell,* 65 Wn.2d 269, 396 P.2d 797 (1964). The trial court

---

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

there ruled that it had failed, as a matter of law, to properly instruct the jury.

The given instructions in the present case included the following:

Instruction No. 9. You are further instructed that the duty of a storekeeper to furnish a reasonably safe place for its customers is a non delegable duty. This is to say that a storekeeper who has failed to keep the floors in a reasonably safe condition cannot be excused for failure because of the neglect of any agent or employee whose duties include the duty to inspect for or correct hazardous conditions.

Instruction No. 10. You are instructed that negligence is not proven by simply showing that the floor had been waxed and as a result had become smooth or even slippery to a degree, or simply that the plaintiff fell and injured herself.

In order for plaintiff to recover you must be satisfied by a fair preponderance of the evidence that the defendant caused or permitted the floor to be in an unreasonably dangerous condition, and that such condition was the proximate cause of plaintiff's injuries, and that such condition was either known to the defendant or, in the exercise of reasonable caution, should have been known to the defendant, and the defendant, in the exercise of reasonable caution, should have remedied the situation.

The plaintiffs proposed the following instructions:

Proposed Instruction No. K. You are further instructed that the duty of a storekeeper to furnish a reasonably safe place for the customers is a non delegable duty. This is to say that a storekeeper who may have failed to apply floor wax in a safe manner or keep the floors in a reasonably safe condition cannot be excused for such failure because of the neglect of any agent or employee whose duties included the duty to inspect for or correct hazardous conditions or to apply the floor surfacing material itself.

Proposed Instruction No. M. You are instructed that there is no presumption of negligence arising from the fact that somebody falls on a slippery floor, a floor made slippery by the intentional application of wax or any other substance. In order for the Plaintiff to recover because of the wax, she has the burden of proving either

that the product was improper, or that the manner of its use was improper.

■ We first note that no exception was taken to the giving of instruction No. 10, nor to the failure to give plaintiffs' proposed instruction No. M. Insofar as the trial court based its new trial order on its failure to give this proposed instruction, such order must be reversed. It is the law of this jurisdiction that an error in refusing or giving an instruction will not support an order granting a new trial if no exception was taken at the time the ruling was made. *Pritchett v. Seattle*, 53 Wn.2d 521, 335 P.2d 31 (1959). We are constrained to add that, even if proper exceptions had been made, the trial court did not err by failing to give proposed instruction No. M. Instruction No. 10 was a proper statement of the law. It was sufficiently broad to allow plaintiffs to adequately argue their theory of negligence to the jury. In such a circumstance it is not error for the court to fail to give a more specific instruction. *Hartman v. Port of Seattle*, 63 Wn.2d 879, 389 P.2d 669 (1964).

The trial court refused to give plaintiffs' proposed instruction No. K, *supra*. Plaintiffs excepted. It was not error for the trial court to refuse to give this instruction. Instruction No. 9, given, was broad enough to allow plaintiffs to argue that defendant Safeway had a nondelegable duty to see that the wax was properly applied, which is the most that could be argued from their proposed instruction No. K. The refusal to give the proposed instruction was not error. See *Hartman v. Port of Seattle, supra*.

In view of the above discussion, it is not necessary to discuss defendant's contention that there is no evidence that the method of application of the wax contributed to the floor's slippery condition. It must be held that the trial judge erred in granting a new trial, insofar as that ruling was based upon his failure to give an instruction regarding the manner in which the wax was applied to the floor.

■ It is next urged that the granting of the new trial should be affirmed on a ground different from that upon which the trial court's order was founded. It is no doubt the rule that, where a new trial is granted on specific

grounds, this court may consider any grounds or reasons properly presented to the trial court by the party seeking to sustain the new trial, and the court of review should affirm the new trial on any tenable grounds so presented to the trial court, regardless of whether such ground was cited by the trial court as the reason for granting the new trial. *Worthington v. Caldwell, supra.*

Instruction No. 2, reciting the contentions of the parties, contains the following: "The defendant has also made what is called an affirmative defense in which they claim that the slippery condition, if it existed, was apparent and obvious and understood by the plaintiff and that Mrs. Sargent assumed the risk of walking on the floor in its slippery condition."

Plaintiffs, considering this as a plea of volenti non fit injuria, excepted to its inclusion in the summary of allegations for the reason that there was an absolute failure of proof on such defense. Plaintiffs proposed a substitute instruction outlining the issues, which eliminated entirely the affirmative defense. The trial court refused to alter its instruction No. 2 to conform with plaintiffs' request. Plaintiffs then offered what is called "Plaintiffs' Proposed Unnumbered Instruction (Volenti non fit injuria)," which, for the purpose of this discussion, we shall assume to be a proper volenti instruction. The trial court refused to give this proposed instruction. It gave no definite reason for its refusal, saying only "The Court feels that Instruction 11 covers the evidence of defendant . . . ."

Instruction No. 11, given, was:

If you find from the evidence in this case that the plaintiff, Neva Sargent, went into the defendant's place of business and that she did not exercise reasonable care for her own safety or that the danger or hazard, if such you find, was obvious and reasonably apparent or should have been observed by the plaintiff in the exercise of ordinary care and that such failure to use ordinary care by the plaintiff, Neva Sargent, was the proximate cause of the accident and the injury she sustained, then you will find in favor of this defendant.

■ Plaintiffs' contention now is that the trial court should not have included in its instruction No. 2 the affirmative defense of volenti non fit injuria, on the theory that the record is void of any evidence supporting this defense; and, by including it in the summary of contentions, the trial court committed prejudicial error. Plaintiffs further argue that, since the trial court *did*, contrary to their request, put before the jury the defense of volenti by its inclusion in its instruction on the contentions, it should have given a *proper* instruction on volenti, namely, plaintiffs' proposed instruction, in its instructions on the law of the case; and that the court erred in refusing to give the proposed proper volenti instruction, especially in view of the fact that it gave an *improper* instruction on volenti, *i.e.*, instruction No. 11, *supra*. We cannot accede to this argument. We have held that it is not error for the trial court to include in its statement of contentions the fact that volenti non fit injuria was pleaded as a defense, even though there was no evidence to support it. *Cole v. McGhie*, 59 Wn.2d 436, 442, 361 P.2d 938 (1961). It was there contended that by including a plea of volenti in its summary of allegations, the trial court improperly submitted this defense to the jury. In disposing of this argument, we said:

> This was an accurate, proper, and harmless statement of the contention. It is not an instruction on *volenti non fit injuria*, and, indeed, the trial court specifically refused to give respondents' proposed instruction . . . which did set out the theory of *volenti non fit injuria* as a defense.

Here also we hold that the volenti plea in instruction No. 2 could not have been to plaintiffs' prejudice. It was a proper and harmless statement of the contentions.

■ There being no evidence to support a volenti defense, the trial court did not err in refusing plaintiffs' volenti instruction. But, argue plaintiffs, if this was the case, the court must have committed error by giving an *improper* instruction on volenti, *i.e.*, instruction No. 11. The answer to this is that instruction No. 11 is patently not an instruction stating the law of volenti non fit injuria. It is an in-

struction placing a duty of reasonable care on plaintiff. That it was recognized as a negligence instruction seems clear from the record. We note the following colloquy between the trial judge and counsel for plaintiffs:

THE COURT: I think she has the duty to use reasonable care for her own safety, and it is a question of fact for the jury as to whether she used reasonable care; if she didn't use reasonable care, she cannot recover.

MR. CONNER: Very well, I submit that certainly is the case. But when we get into this "was obvious and reasonably apparent and should have been observed" [quoting from instruction No. 11] *this is okay for contributory negligence* . . . . (Italics ours.)

We hold that no error was committed in including defendant's volenti plea in the summary of allegations; nor in excluding plaintiffs' proposed volenti instruction; nor in giving instruction No. 11. The order granting a new trial cannot be affirmed on these grounds, and is accordingly reversed.

ROSELLINI, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.